# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1835, AT LENOX.

---

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, } Justices.
Hon. SAMUEL S. WILDE, }

---

JEDIDIAH BURRALL *et al versus* GILES ANDREWS.

A deposition taken by virtue of a commission was sent inclosed in an envelope to the counsel of the parties for whose use it was taken, and was opened by him ; but an affidavit was made by such counsel, alleging that he opened the envelope without knowing that it inclosed the deposition. It was *held*, that the deposition was admissible, at the discretion of the Court, notwithstanding the rule of court, providing, in such case, that " all depositions shall be opened and filed with the clerk."

THIS was a real action brought by the demandants, as heirs of Abraham Burrall, to recover their distributive shares of one half of about seventy acres of land in Sheffield.

At the trial before *Morton* J., the demandants produced the deposition of Samuel Austin, junior, who resided in New York. This deposition, which was taken by virtue of a commission issued from this Court, was inclosed in an envelope directed to the Court, and sent to Robert F. Barnard, Esq., the counsel for the demandants, by whom it was opened. Mr. Barnard made affidavit, that he opened the envelope without knowing that it inclosed the deposition. The tenant

Burrall
*v.*
Andrews.

objected to the admission of the deposition, but the objection was overruled. The jury returned a verdict for the demandants. If the deposition was admissible, judgment was to be entered on the verdict, otherwise a new trial was to be granted.

*Sept. 8th.*

*Bishop*, for the tenant.

*C. A. Dewey* and *Barnard*, for the demandants.

*Sept. 17th.*

WILDE J. delivered the opinion of the Court. The only question submitted on the report of this case is, whether the deposition of Samuel Austin, junior, was properly admitted, it not having been directed and sent to the Court or the clerk, but to the demandants' counsel.

In the case of *Goff* v. *Goff*, 1 Pick. 475, a deposition sent to the plaintiff's attorney, and by him opened, was admitted on the affidavit of the attorney, that it was opened by mistake. A similar affidavit was filed in the present case, and we think that thereupon the deposition was rightly admitted. It is objected, that this deposition was taken under a commission and that the rule of court in such cases, requires, that the deposition should be opened by the clerk. But the rule of court directs, that " all depositions shall be opened and filed with the clerk." 16 Mass. R. 373. This rule was as applicable in the case of *Goff* v *Goff*, as it is in the present case. It is mandatory, but it does not prohibit the admission of a deposition, where by mistake the direction has not been observed. It is still left within the discretion of the Court to admit or reject a deposition, according to circumstances, notwithstanding any such mistake in the direction.

*Judgment on the verdict.*